G. D. McGAHEY, Plaintiff-Appellee, v. DONALD FULLER *et al.*, Defendants-Appellees, (Crawford County State Bank, Intervening Defendant and Counterplaintiff and Third-Party Plaintiff-Appellant; G. D. McGahey *et al.*, Counterdefendants-Appellees; Reinbold & Son, Inc., Third-Party Defendant-Appellee).

Fifth District   No. 5—83—0474

Opinion filed February 22, 1985.

E. H. Price and Mark Shaner, both of Robinson, for appellant.

No briefs filed for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Crawford County State Bank, defendant, has perfected this appeal from an order entered on June 16, 1983, by the circuit court of Crawford County. The order appealed from granted plaintiff, G. D. McGahey, 40% of the proceeds from the sale of certain crops grown by defendants, Donald and Sharon Ann Fuller, in which crops the bank claimed a security interest.

Defendants, Donald and Sharon Ann Fuller, were purchasers under an agreement for the sale of a 120-acre farm located in Crawford County. The plaintiff was the seller thereunder. The Fullers failed to comply with the agreement by not making the required payments. On June 25, 1982, plaintiff filed a forcible detainer action (Ill. Rev. Stat.

1981, ch. 57, par. 1 *et seq.*) and on August 12, 1982, obtained a default judgment for possession of the premises. On motion of the Fullers pursuant to section 9—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 9—110), that judgment was stayed until December 6, 1982. At the time the action was filed, corn planted by the Fullers was growing on the premises. In granting the above stay, the circuit court, in accordance with section 9—105 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 9—105), ordered the Fullers to pay plaintiff 40% of the gross income from the crops as reasonable compensation for the use of the land while producing and harvesting the crops should they fail to exercise their rights of redemption. The Fullers did not redeem and their rights under the agreement therefore were terminated with the expiration of the stay. The corn was harvested and was stored at a grain elevator operated by Reinbold & Son, Inc. Thereafter, the Crawford County State Bank petitioned and was permitted to intervene as a party defendant and subsequently caused the joinder of the grain elevator operator by the filing of a third-party complaint for replevin. On motion of the bank, the order granting plaintiff a 40% interest in the proceeds from the sale of the crops was vacated and the matter was set down for hearing. After taking the matter under advisement, on May 17, 1983, the circuit court awarded plaintiff a 40% interest in the proceeds from the sale of the crops, which the court found to amount to $1,346.05. Later that same day, the circuit court modified that order, but then on May 24, 1983, on its own motion, vacated that modification, thereby reinstating the first May 17, 1983, order which had granted plaintiff a 40% interest in the proceeds from the sale of the crops. The bank's subsequent motion for reconsideration was denied on June 16, 1983, and the bank now appeals.

■ None of the appellees has filed a brief with this court. While a reviewing court should not be compelled to serve as an advocate for the appellee nor to search the record on appeal for the purpose of sustaining the judgment of the circuit court, it may do so should justice require or where, as here, the record on appeal is simple and the claimed errors are such that the court can decide them without the benefit of an appellee's brief. (*First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We will accordingly address the issues raised by the bank on appeal.

The bank contends that as a holder of valid security interest in the crops it was entitled, by virtue of section 9—201 of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 9—201), to priority over all other claimants with but few specified exceptions, which do

not include plaintiff's claim. We do not agree.

At the outset we conclude that plaintiff's right to receive reasonable compensation for the use of the land provided for by section 9—105 of the Code of Civil Procedure is protected by a lien upon the crops in question. At all time relevant hereto section 9—105 of the Code of Civil Procedure provided:

"In case of forfeiture under contract of purchase, the purchaser shall be entitled to cultivate and gather the crops, if any, planted by him or her and grown or growing on the premises at the time of the filing of the action, and shall have the right to enter for the purpose of removing such crops, first paying or tendering to the party entitled to the possession a reasonable compensation for such use of the land before removing such crops." (Ill. Rev. Stat. 1981, ch. 110, par. 9—105.)

By virtue of section 9—105 of the Code of Civil Procedure, no special agreement is necessary to entitle plaintiff to recover reasonable compensation for the use of his land after default by the Fullers; therefore, the payment provided for by section 9—105 constitutes a lien upon the crops growing on the land covered by the real estate sale contract.

Furthermore, we conclude that the plaintiff's statutory lien upon crops arising under section 9—105 of the Code of Civil Procedure has priority over the bank's security interest under article 9 of the Uniform Commercial Code. Although in *Peterson v. Ziegler* (1976), 39 Ill. App. 3d 379, 350 N.E.2d 356, this court held that a security interest in a house trailer perfected under article 9 of the Uniform Commercial Code was entitled to preference, an analysis of the controversy presented by the instant appeal discloses that the facts in that case are clearly distinguishable. In the case at bar, prior to their default on their purchase agreement with plaintiff, defendants were entitled to all of the crops grown upon said real estate and were therefore at liberty to encumber them. However, upon default defendants are given a statutory right under section 9—105 of the Code of Civil Procedure to cultivate and harvest crops growing on the real estate covered by the defaulted contract but only after "first paying or tendering" to plaintiff a reasonable compensation for the use of the land before removing the crops. Prior to the default, the seller receives the contract payments as compensation for the use of his land before title is transferred; however, subsequent thereto, the payments required by section 9—105 would be the only compensation the seller would receive for the purchaser's use of his real estate. Section 9—105 therefore places the parties in the equivalent of a landlord-and-tenant relation-

ship with respect to the real estate after default. To grant the intervening bank an interest in that portion of the growing crops awarded to plaintiff would have the effect of permitting defendants to farm the land of another rent free. This result we decline to permit. Therefore, we determine that article 9 of the Uniform Commercial Code does not alter the provisions of section 9—105 of the Code of Civil Procedure, which grants plaintiff a statutory lien in case of default by the Fullers in the real estate sales contract. (*Cf. Dwyer v. Cooksville Grain Co.* (1983), 117 Ill. App. 3d 1001, 454 N.E.2d 357. See also *In re Einhorn Brothers, Inc.* (3d Cir. 1959), 272 F.2d 434, 440-41; Note, *Priorities Between Article Nine Security Interests & Statutory Liens in Iowa,* 23 Drake L. Rev. 169, 177 (1973).) Consequently, the trial court did not err when it awarded plaintiff 40% of the proceeds from the sale of the crops, and we therefore affirm the judgment of the circuit court of Crawford County.

Affirmed.

HARRISON and WELCH, JJ., concur.